IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HU YANG, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| CAPITOL ONE SERVICES, LLC, CAPITAL ONE FINANCIAL CORPORATION, CAPITAL ONE, NATIONAL ASSOCIATION, AND AMPCUS INC., | |
| Defendants. | |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Hu Yang ("Plaintiff" or "Mr. Yang"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Capital One Services, LLC, Capital One Financial Corporation, Capital One, National Association, and Ampcus, Inc. (collectively "Defendants") for violations of his rights under the Americans with Disabilities Act of 1990, as amended, 42

1

U.S.C. § 12111 et seq. ("ADA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. (hereinafter the "FLSA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ 1343, and 29 U.S.C. § 216(b).

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

4.

Defendants do business in and are engaged in commerce in the State of Georgia and are subject to jurisdiction over the claims asserted herein. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## ADMINISTRATIVE PROCEDURES

5.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII, and the ADA. Plaintiff filed his Charge of Discrimination against Capital One Service, LLC with the Equal Employment Opportunity Commission ("EEOC") on August 23, 2022; the EEOC issued its Notice of Right to Sue on December 15, 2022.

6.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII, and the ADA. Plaintiff filed his Charge of Discrimination against Ampcus Inc. with the Equal Employment Opportunity Commission ("EEOC") on August 23, 2022; the EEOC issued its Notice of Right to Sue on January 13, 2023.

7.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

8.

Plaintiff is a Male citizen of Canada working in the United States on a TN permit and is subject to the jurisdiction of this Court.

9.

At all times relevant, Defendants were qualified and licensed to do business in the State of Georgia, and at all times material hereto Defendants conducted business within this District.

10.

At all such times, Plaintiff was an "employee" of Defendants as defined under the ADA at 42 U.S.C. § 12111(4).

11.

During all times relevant hereto, Defendants employed fifteen (15) or more employees for the requisite duration under the ADA. Defendants are therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

12.

During all times relevant hereto, Defendants have employed fifteen (15) or more employees for the requisite duration under the Title VII. Defendants are therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

13.

Defendants Capital One Services, LLC, Capital One Financial Corporation, Capital One, National Association, (collectively, "Capital One") may be served with process by delivering a copy of the summons and complaint to their Registered Agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

14.

Defendant Ampcus Inc. ("Ampcus") may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Biz Filings Incorporated, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

## **FACTUAL ALLEGATIONS**

15.

Mr. Yang began working with Defendants on or about January 31, 2022, as a Java Software Engineer.

16.

Mr. Yang is Asian and also a Canadian citizen.

17.

Mr. Yang was an "employee" of Defendants, as that term has been defined by the FLSA, 29 U.S.C. § 201 et seq., 29 U.S.C. § 203(e).

18.

Throughout his employment with Defendants, Mr. Yang was paid on an hourly basis, without overtime compensation for the hours he worked in excess of 40 in work weeks.

19.

Defendants are "employers" as that term is defined by the FLSA, 29 U.S.C. § 203(d).

20.

While employed by Defendants, Mr. Yang regularly worked an amount of time that was more than 40 hours in given workweeks and was not paid the overtime wage differential for hours he worked over 40 in workweeks.

21.

Throughout Mr. Yang's employment with Defendants, Mr. Yang's primary duties were non-exempt work, such as completing software development tasks assigned by his manager bi-weekly through their Jira/Issue tracking system.

22.

On or about January 31, 2022, Mr. Yang's manager, Kishore Sirivelu, who is Indian, asked Mr. Yang to discuss China during a core hour meeting.

23.

Mr. Yang informed Mr. Sirivelu that he was a Canadian citizen and did not wish to discuss China.

24.

On or about February 3, 2022, Mr. Sirivelu again asked Mr. Yang to discuss China during a core hour meeting.

25.

Mr. Yang reiterated to Mr. Sirivelu that he was a Canadian citizen and not Chinese.

26.

Mr. Sirivelu , however, insisted on calling Mr. Yang Chinese and asking him questions about China that was he was not comfortable with.

27.

Following the conversation on or about February 3, 2022, Mr. Sirivelu stopped assigning Mr. Yang development tasks.

28.

Mr. Sirivelu also stopped including Mr. Yang on emails for team meetings.

29.

On or around February 28, 2022, Mr. Yang asked Ms. Sirivelu to assign him a Jira task.

30.

On or around March 9, 2022, Mr. Yang informed Defendants that he was not on the email list for his team, was not invited to participate in the Omega team's weekly meeting, that it was seriously affecting his daily work, and asked if they could help resolve these issues.

31.

Defendants did not address Mr. Yang's concerns.

32.

From March to April 2022, Mr. Sirivelu did not allow Mr. Yang to demonstrate his code which caused the codes to be submitted after their deadline.

33.

On or around May 2, 2022, Defendants stated that they were not seeing the expected results from Mr. Yang and decided to let go of him effective May 17, 2022.

34.

On or about May 6, 2022, Mr. Yang emailed Defendants and reported race discrimination.

35.

On or about May 8, 2022, Mr. Yang emailed Defendants again explaining the incidents that gave rise to his allegations of race discrimination and requested an investigation be conducted.

36.

On or about May 13, 2022, Defendants informed Mr. Yang that he was no longer terminated.

37.

That same day, Mr. Yang informed Defendants that he was missing 24 hours of unpaid overtime and six hours of unpaid regular time that was not included on his Beeline Timesheet.

38.

On or about June 1, 2022, Mr. Yang informed Defendants of his disability and requested reasonable accommodations.

39.

Specifically, Mr. Yang asked Defendants to email or text him if they needed his attention, as opposed to calling.

40.

On or about June 6, 2022, Mr. Sirivelu accused Mr. Yang of voting late during Zoom team meetings.

41.

Mr. Yang informed Mr. Sirivelu that his delayed responses were due to his hearing loss.

42.

Defendants also continued assigning Mr. Yang's tasks to Indian employees.

43.

On or about June 12, 2022, Mr. Yang reported his managers to human resources.

44.

On or about June 26, 2022, Mr. Yang made a second accommodation request asking Defendants to use Slack messaging to communicate with him instead of phone calls.

45.

On or about June 29, 2022, Defendants approved the accommodation request.

46.

On or about July 4, 2022, Mr. Yang again reported issues with his managers to human resources.

47.

On or about July 7, 2022, Defendants terminated Mr. Yang, stating the reason for termination was due to "not meeting job expectations."

48.

Although Defendants purport to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Defendants treated Plaintiff less favorably in the terms or conditions of employment than others outside of his protected class, i.e., non-Chinese Canadian and Disabled employees and/or employees who did not request a reasonable accommodation for their disability.

## CLAIMS FOR RELIEF

## COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA

49.

Plaintiff re-alleges paragraphs 15-48 as if set forth fully herein.

50.

Plaintiff had a physical impairment which substantially limits one or more major life activities including but not limited to his ability to hear.

51.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

52.

Defendants were aware of Plaintiff's disability.

53.

Defendants regarded Plaintiff as having a disability such that he is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

54.

Plaintiff has a record of having a disability and/or perceived disability such that he is a person with a disability within the meaning of the ADA, as amended.

55.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

56.

Defendants terminated Plaintiff's employment because of his disability, perceived disability, or record of having a disability.

57.

Defendants terminated Plaintiff's employment because of his accommodation requests.

58.

By terminating Plaintiff's employment because of his disability, perceived disability, or record of having a disability, Defendants violated the ADA, as amended.

59.

Although Defendants purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

60.

Defendants treated other employees outside Plaintiff's protected class differently.

61.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the

Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

62.

Defendants willfully and wantonly disregarded Plaintiff's rights, and Defendants discrimination against Plaintiff was undertaken in bad faith.

63.

The effect of the conduct complained of herein deprived Plaintiff of equal employment opportunity and adversely affected his status as an employee because of his disability.

64.

As a direct and proximate result of Defendants' violation of the ADA, Plaintiff has been made the victim of acts that adversely affected his psychological and physical well-being.

65.

As a result of Defendants' discriminatory actions, Plaintiff suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

66.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

67.

Defendants discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, Defendants not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

68.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT II:  FAILURE TO ACCOMMODATE IN VIOLATION OF ADA

69.

Plaintiff re-alleges paragraphs 15-48 as if set forth fully herein.

70.

Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to his abiility to hear.

71.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

72.

Defendants were aware of Plaintiff's disability.

73.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

74.

Plaintiff was able to perform the essential functions of his job with a reasonable accommodation.

75.

Plaintiff requested that Defendants accommodate his disability by giving him additional time to perform certain tasks.

76.

Upon receiving Plaintiff's request for an accommodation, Defendants failed to meaningfully engage in the interactive process with Plaintiff regarding his request for a reasonable accommodation of his disability.

77.

Defendants refused to provide Plaintiff with reasonable accommodations, even though to do so would not impose an undue hardship.

78.

By refusing to accommodate Plaintiff, Defendants violated the ADA, as amended.

79.

Defendants willfully and wantonly disregarded Plaintiff's rights, and Defendants' failure to accommodate Plaintiff's disability was undertaken in bad faith.

80.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his disability.

81.

As a direct and proximate result Defendants' violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

82.

As a result of Defendants discriminatory actions, Plaintiff suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

83.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

84.

Defendants discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

85.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT III:  RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

86.

Plaintiff re-alleges paragraphs 15-48 as if set forth fully herein.

87.

Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to hearing.

88.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

89.

Defendants were aware of Plaintiff's disability.

90.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

91.

Defendants terminated Plaintiff for requesting an accommodation for his disability and/or perceived disability.

92.

Plaintiff's request for an accommodation of his disability and/or perceived

disability constitutes protected conduct under the ADA, as amended.

93.

Defendants retaliated against Plaintiff by terminating his employment on the basis of his request for an accommodation.

94.

Defendants terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

95.

Defendants' proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendants' retaliatory motive.

96.

Defendants' retaliatory actions against Plaintiff were in violation of the ADA, as amended.

97.

Defendants willfully and wantonly disregarded Plaintiff's rights, and Defendants' retaliation against Plaintiff was undertaken in bad faith.

98.

As a result of Defendants' retaliatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

99.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

100.

Defendants discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

101.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## <u>COUNT IV:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964</u>

102.

Plaintiff re-alleges paragraphs 14-48 as if set forth fully herein.

103.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

104.

Defendants willfully and wantonly disregarded Plaintiff's rights, and their discrimination against Plaintiff was undertaken in bad faith.

105.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his race.

106.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his economic, psychological, and physical well-being.

107.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful discrimination.

## COUNT V:  NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

108.

Plaintiff re-alleges paragraphs 15-48 as if set forth fully herein.

109.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of his national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

110.

Defendants willfully and wantonly disregarded Plaintiff's rights, and their discrimination against Plaintiff was undertaken in bad faith.

111.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his national origin.

112.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his economic, psychological, and physical well-being.

113.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful discrimination.

## COUNT VI:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

114.

Plaintiff re-alleges paragraphs 15-48 as if set forth fully herein.

115.

Defendants' actions, as detailed above, in terminating Plaintiff because of his protected activity constitutes unlawful intentional retaliation in violation of Title VII.

116.

Defendants willfully and wantonly disregarded Plaintiff's rights, and their retaliation against Plaintiff was undertaken in bad faith.

117.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of their unlawful retaliation.

## COUNT VII:  VIOLATION OF THE OVERTIME WAGE REQUIREMENT OF THE FAIR LABOR STANDARDS ACT

118.

Plaintiff re-alleges paragraphs 15-22 as if set forth fully herein.

119.

Defendants violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of 40 hours in given workweeks.

120.

Defendants willfully and wantonly disregarded Plaintiff's rights, and Defendants' retaliation against Plaintiff was undertaken in bad faith.

121.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of 40 hours in a workweek.

122.

Defendants knew or had reason to know Plaintiff regularly worked over 40 hours in workweeks without overtime compensation.

123.

Defendants' actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

124.

Defendants knew, or showed reckless disregard for the fact that they failed to pay Plaintiff overtime compensation in violation of the FLSA.

125.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a)     General damages for mental and emotional suffering caused by Defendants' misconduct;

(b)     Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein;

(i)     Enter judgment against Defendants and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216,

liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA;

(j)      Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendants violated the FLSA;

(k)      All other relief to which he may be entitled.

Respectfully submitted this 24th day of January 2023.

**BARRETT & FARAHANY**

s/ *Ianna O. Richardson*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
ianna@justiceatwork.com

Ianna O. Richardson
Georgia Bar No. 655153

*Counsel for Plaintiff Hu Yang*

28